United States District Court
Southern District of Texas
FILED

OCT 2 3 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JUAN QUINTANILLA, Plaintiff | § | |
| | § | |
| And CESAR SOLIS, Intervenor | § | |
| | § | CIVIL ACTION NO, |
| VS. | § | |
| | § | M - 0 2 - 4 8 6 |
| THE CITY OF LA VILLA, TEXAS, | § | |
| and employees, agents and all those | § | |
| acting in concert or at their discretion | § | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW **CITY OF LA VILLA, TEXAS**, Defendant in the above styled and numbered cause and file this its Notice of Removal of the present cause from the 332nd Judicial District Court of Hidalgo County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, McAllen Division, and would show unto the Court as follows:

### I.

### THE PARTIES

1.01    City of La Villa, Texas, is the Petitioner and Defendant in this lawsuit.

1.02    Mr. Juan Quintanilla and Mr. Cesar Solis are the Respondents and Plaintiff and Intervenor, respectively, in this lawsuit.

## II.

### THE LITIGATION

2.01    Petitioner is the Defendant in the civil lawsuit which is entitled Juan Quintanilla vs. The City of La Villa, Texas, and employees, agents and all those acting in concert or at their discretion in Cause No. C-1952-01-F which has been filed in the 332nd Judicial District Court of Hidalgo County, Texas. Plaintiff Juan Quintanilla originally filed his lawsuit on or about November 14, 2001; Intervenor Cesar Solis originally filed his lawsuit on or about August 1, 2002. On September 24, 2002, via certified mail return receipt requested, Plaintiff Juan Quintanilla filed his supplemental response to the City of La Villa's Requests for Disclosure, and in the same document, Intervenor Cesar Solis filed his initial response to the City of La Villa's Requests for Disclosure. Both Plaintiff Juan Quintanilla and Intervenor Cesar Solis asserted claims for violations of their rights under the United States Constitution. Defendant City of La Villa received a copy of Plaintiff's supplemental answers and Intervenor's original answers to the City of La Villa's Requests for Disclosure on September 26, 2002; that document is attached hereto as **Exhibit "A-10"** in Index of Exhibits attached hereto as **Exhibit "A."**

### III.

3.01    Defendant is filing this Notice of Removal pursuant to 28 U.S.C. § 1441(b) which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

3.02    Defendant is an individual residing in Hidalgo County, Texas, and is a citizen of the State of Texas.

3.03    Additional basis and authority for the removal of this action is pursuant to 42 U.S.C. § 1446 entitled "Procedure for Removal," Sub-paragraph (b) of 28 U.S.C. § 1446 provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

(emphasis added).

3.04    This Notice of Removal is being filed within thirty (30) days of this Defendant's notice of Plaintiff's and Intervenor's federal claims insofar as this Defendant obtained a copy of Plaintiff's supplemental answers and Intervenor's original answers to the City of La Villa's Requests for Disclosure, which included federal claims for the first time, through receipt via certified mail, return receipt requested on or about September 26, 2002. Plaintiff's and Intervenor's attempts to assert a federal cause of action was first ascertained after receipt and review of their answers to discovery, and this Notice of Removal is therefore timely filed. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992)(holding plaintiff's discovery answers to be within meaning of "other paper" in § 1446).

## IV.

4.01    True and correct copies of all pleadings and orders signed by the state judge contained in the Hidalgo County District Clerk's File are attached hereto together with an Index of Exhibits attached hereto as **Exhibit "A."** A certified copy of the Docket Sheet from the Hidalgo County District Clerk's office for this lawsuit is attached as **"Exhibit A-1"** in the Index of Exhibits attached hereto as **Exhibit "A."** Copies of all process, pleadings and orders served upon Defendant

are attached to Index of Exhibits attached hereto as **Exhibit "A."** Also, attached hereto as **Exhibit "B,"** is a list of all counsel of record in this case.

## V.

5.01 The claims asserted by Plaintiff and Intervenor could have been filed in this Federal Court pursuant to 28 U.S.C. §§ 1331 and 1332. Therefore, this Court has jurisdiction over this removal action pursuant to 28 U.S.C. §1441(b) since this is a civil action of which the Federal District Courts have original jurisdiction founded on a claim arising out of the Constitution or laws of the United States.

## VI.

6.01 Defendant hereby demands a trial by the jury.

## VII.

7.01 Defendant hereby represents to this Court that the Hidalgo County District Clerk and all parties and their counsel are receiving notice and copies of all the pleadings associated with Defendant's Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendant City of La Villa prays for removal of the above entitled cause of action from the 332nd Judicial District Court of Hidalgo County, Texas, to this Court.

Signed on this the 23rd day of October, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    : (956) 504-1100
Facsimile    : (956) 504-1408

By:  J. Arnold Aguilar
     State Bar No. 00936270
     Federal Adm. No. 6822

     John J. Jordan, Jr. (of counsel)
     State Bar No. 00796852
     Federal Adm. No. 21304

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** has on this the 23rd day of October, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P. O. Box T
Pharr, TX 78577

J. Arnold Aguilar
John J. Jordan, Jr.

# Exhibit "A"

---

## INDEX OF EXHIBITS

---

1.      Exhibit "A-1" - Certified copy of the Docket Sheet

2.      Exhibit "A-2" - Plaintiff's Original Petition

3.      Exhibit "A-3" – Citation to City of La Villa

4.      Exhibit "A-4" -  Defendant's Original Answer

5.      Exhibit "A-5" -  Order Allowing Substitute of Counsel

6.      Exhibit "A-6" - Plaintiff's First Amended Original Petition (Intervenor Cesar Solis'
                Original Petition in Intervention)

7.      Exhibit "A-7" – Citation to City of La Villa

8.      Exhibit "A-8" – Defendant's Original Answer in Response to Intervenor Cesar Solis'
                Original Petition in Intervention

9.      Exhibit "A-9" – Defendant's First Amended Answer in Response to Plaintiff Juan
                Quintanilla's First Amended Original Petition

10.     Exhibit "A-10" – Plaintiff's Response and Supplemental Response to Defendant's Request
                for Disclosures

11.     Exhibit "A-11" – Affidavit of John J. Jordan, Jr.

# Exhibit "B"

---

## LIST OF ATTORNEYS

---

**ATTORNEY FOR PLAINTIFFS**

Mr. Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C.
P. O. Box T
Pharr, Texas 78577


**ATTORNEYS FOR DEFENDANT**

J. Arnold Aguilar
LAW OFFICE J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520

John J. Jordan, Jr. (of counsel)
LAW OFFICE J. ARNOLD AGUILAR
Artemis Square, Suite H-2
1200 Central Blvd.
Brownsville, Texas 78520

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

JUAN QUINTANILLA, Plaintiff       §
                                  §
And CESAR SOLIS, Intervenor       §
                                  §          CIVIL ACTION NO.
            VS.                   §
                                  §          _____
THE CITY OF LA VILLA, TEXAS,      §
and employees, agents and all those §
acting in concert or at their discretion §

---

## ORDER ON REMOVAL

---

On the _____ day of _____, 2002, this cause came for hearing on *Defendant's Notice of Removal.*

After examining the evidence and hearing the argument of the parties, the Court is of the opinion that Defendant City of La Villa, Texas's Notice of Removal should be **GRANTED**;

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** that Defendant's Notice of Removal be in all things Granted.

SIGNED on this the _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE

**COPIES SENT TO:**
Michael Pruneda, P.O. Box T, Pharr, TX  78577
J. Arnold Aguilar, 1200 Central Blvd., Ste. H-2, Brownsville, TX 78520

v:\sc\pleadings\267-02.Ntc of Removal                                    PAGE 8

# EXHIBIT A-1

CASE NO. __C-1952-01-F__

DATE FILED __11-14-01__

# CIVIL DOCKET

| NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| JUAN QUINTANILLA | Pltf. Michael Pruneda | Wrongful Termination |
| VS. | Pltf. | |
| THE CITY OF LA JOYA ET AL | Deft. *FABIAN/GUERRERO*(WD) | Jury Fee $ _____ |
| | Deft. ARNOLD AGUILAR | Paid By _____ |

| Date of Entry | Pleas, Process, Service, Motions, Fiats, Orders, Judgments, etc. | Fee Costs | BOOK VOL. | PAGE |
|---|---|---|---|---|
| 11-14-01 | PLAINTIFF'S ORIGINAL PETITION , SERVICE REQUESTED, FILED. | | | |
| 11/16/01 | Cit issued to The City of La Villa serving the Mayor David Alaniz | | | |
| | (Picked up) | | | |
| 12/4/01 | CITATION RETURNED ON THE CITY OF LA VILLA SERVED 12/3/01, FILED | | | |
| 1/16/02 | ORIGINAL ANSWER, FILED | | | |
| 2/28/02 | MOTION TO SUBSTITUTE COUNSEL,FILED | | | |
| 3/11/02 | ORDER ALLOWING SUBSTITUTION OF COUNSEL SIGNED. | | | |
| 08/01/02 | Plaintiffs' First Amended Original Petition, Filed | | | |
| 08/01/02 | Plaintiffs' Request for Jury Trial Filed | | | |
| 08/06/02 | Letter Requesting Citation from The Pruneda Law Firm | | | |
| 08/06/02 | Cit issued to The City of La Villa serving the Mayor | | | |
| | David Alaniz  (P/U by: | | | |
| 8/8/02 | CITATION RETURNED & SERVED TO THE CITY OF LA VILLA | | | |
| | MAYOR CARLOS PEREZ ON 8/8/02 AT 1:45 PM | | | |

# EXHIBIT A-2

FILED

AT_____ O'CLOCK____

CAUSE NO. C-1952-01-F

| | | |
|---|---|---|
| JUAN QUINTANILLA | ◆ | THE 332 DISTRICT COURT |
| | ◆ | PAULINE G. GONZALEZ, CLERK |
| | ◆ | District Courts, Hidalgo County |
| VS. | ◆ | _____Deputy |
| | ◆ | |
| | ◆ | OF |
| THE CITY OF LA VILLA, TEXAS | ◆ | |
| and employees, agents and | ◆ | |
| all those acting in concert or at their | ◆ | |
| discretion | ◆ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JUAN QUINTANILLA (hereinafter referred to by name or as Plaintiff) complaining of THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion (hereinafter referred to by name or as Defendant) and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, JUAN QUINTANILLA, is a resident of Hidalgo County, Texas.

Defendant, THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion, is a municipality in Hidalgo County, Texas that

1

can be served by delivering process to its mayor David Alaniz at 916 S. Mike Chapa, La Villa, Texas 78562.

## III.
## FACTUAL ALLEGATIONS

Plaintiff accepted employment with the City of La Villa in October 1998. Plaintiff served in the capacity of Police Lieutenant for the city. Plaintiff was always a loyal, dedicated, and hard working employee.

At some time prior to February, 2001, Plaintiff had personal knowledge of criminal activities of certain public officials. Plaintiff reported these violations of law by public officials who were well-known in the proximate community. On February 5, 2001, Plaintiff was forced to stay quiet following the disbursement of a memo from city administrator Jaime Gutierrez. In this memo, Plaintiff was forced to refrain from discussing any information relating to the criminal activities with the news media.

Almost immediately, Plaintiff was subjected to constant pressure from city administrators and public officials. Plaintiff was told to destroy all the evidence that implicated the public officials. During this time, an "informant" was severely beat up due to the information that had been disclosed. Plaintiff was also requested to terminate the employment of several of his fellow patrolmen due to their involvement in the investigation. Plaintiff reported these illegal requests and refused these illegal acts.

Following a short leave of absence due to injury, on September 5, 2001, Plaintiff's employment with the City of La Villa was terminated. Plaintiff received a

2

memo from city administrator Gutierrez informing Plaintiff of the city's decision. The reason given was *"due to the fact that the police department is full y staffed at the moment, as well as experiencing a serious cash shortfall. Thus we are unable to meet any additional payroll costs."* Plaintiff believes the true reason that he was fired was due to his report of criminal activities by certain public officials.

## IV.
## TEXAS WHISTLE BLOWER ACT

The illegal discrimination and termination of Plaintiff, was and is contrary to the Texas Whistle Blower Act. At the time of the discrimination and retaliation of the Plaintiff, the Whistle Blower Act was contained in sections 554.001 to 554.009 of the Government Code. The illegal acts of the Defendants the subject of this lawsuit are governed by the statute which reads in pertinent part:

> *" A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority."*

The illegal discrimination and termination of Plaintiff was in retaliation for the good faith reporting of a violation of the law by public employee to an appropriate law enforcement authority. Plaintiff's report of a violation was such that without it the discriminatory conduct by the City would not have occurred when it did.

## V.
## PUBLIC POLICY CAUSE OF ACTION

The wrongful acts of retaliation of the Plaintiff was violative of the public policy

3

of the State of Texas. Such policy prohibiting intimidation, coercion, discharge, or any other discriminatory conduct against an employee as a result of his/her refusal to commit an illegal criminal act. Such policy has expressly been announced in and is further deeply seated in the laws of this state.

## VI.
## CONSTITUTIONAL CAUSE OF ACTION—
### _FREE SPEECH, FREEDOM OF ASSOCIATION_

Plaintiff alleges that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful and discriminatory procedure which results in the denial of the plaintiffs' civil rights subjecting such procedures to scrutiny under, and in violation of, _Article 1, section 8_ of the Constitution of the State of Texas guaranteeing all individuals of this state the freedom of speech. Plaintiffs allege that the acts of infringement were customary and made by those with policy-making authority. Plaintiff seeks only equitable relief for this violation as allowed under the laws of the sovereign state of Texas.

## VII.
## CONSTITUTIONAL CAUSE OF ACTION—
### _LIBERTY INTEREST/DUE PROCESS_

Plaintiff alleges that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful and discriminatory procedure which results in the denial of the plaintiffs' civil rights subjecting such procedures to scrutiny under, and in violation of, _Article 1, section 13 and 19_ of the Constitution of the State of Texas guaranteeing all individuals of this state the right to due process.

4

## VIII.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiff hereby gives notice to all that he only alleges state claims in this suit and specifically excludes, and does not intend to litigate herein, any federal cause of action. The only causes of action that he intends to litigate in this Court are those concerning rights arising under the laws of the Sovereign State of Texas.

## IX.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in order that issues the basis of this lawsuit be tried.

## X.
## ACTUAL DAMAGES

As a result of the incidents described above that is made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural life. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. Plaintiff also seeks all compensatory damages to which he may be appropriately entitled and the court deems proper.

## XI.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiff's fundamental rights, which arbitrarily and irrationally has been denied and will deny to Plaintiff rights and

5

entitlement under the laws described above, is resulting in immediate and irreparable harm to the Plaintiff. Plaintiff is therefore entitled to temporary and permanent injunctive orders.

## XII.
## DECLARATORY RELIEF

This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the Plaintiffs and grant such other necessary and proper relief allowed by a declaratory judgment.

## XIII.
## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary under Texas Government Code Section 554.003. In this connection, Plaintiff will show that he has employed attorneys to assist him in the prosecution of this action. Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or

6

law clerks that assisted in the prosecution of the case. As permitted, Plaintiff also seek to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## XVIII.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiff has propounded to the Defendant:

1.  Plaintiff's Request for Disclosure to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion;

2.  Plaintiff's First Set of Interrogatories to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion; and

3.  Plaintiff's First Request for Production to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

a).  Judgment against Defendant, for an amount compensating Plaintiff for his damages and injuries, along with any other damages awarded in an amount in excess of the minimum jurisdictional limits of this court with a maximum of ten million dollars ($10,000,000.00), such to be awarded by the jury;

b).  Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them or acting at their discretion, from retaliating against the Plaintiffs or otherwise violating his rights and that of others similarly situated;

c).  Prejudgment interest as allowed by law;

7

d). Attorney and litigation fees and expenses for both trial and appeal;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein;

g). Such other appropriate relief to which Plaintiff may be justly entitled and the court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____

*MICHAEL PRUNEDA*
State Bar No. 24025601

ATTORNEY FOR PLAINTIFF

8

# EXHIBIT A-3

DISTRICT COURT, HIDALGO COUNTY, TEXAS 332ND JUDICIAL DISTRICT
TEXAS

CITATION

JUAN QUINTANILLA

vs.

THE CITY OF LA VILLA, TEXAS ET AL

RECEIVED
AT ___ O'CLOCK
NOV 2 6 2001
CIVIL PROCESS-TONY ESPINOZA
P. O. BOX 235
EDINBURG, TEXAS

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation the Monday next following the expiration of
twenty (20) days after you were served with this citation and petition
a default judgment may be taken against you.

FILED
AT ___ O'CLOCK ___ M
DEC - 4 2001
PAULINE G GONZALEZ, CLERK
District Courts, Hidalgo County
By _____ Deputy

   To: THE CITY OF LA VILLA
       SERVING THE MAYOR: DAVID ALANIZ
       916 S. MIKE CHAPA
       LA VILLA, TEXAS 78562

          You are hereby commanded to appear by filing a written
answer to the PLAINTIFF'S ORIGINAL PETITION  on or before 10:00 o'clock
a.m. on the Monday next after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 332ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 14TH  day of NOVEMBER , 2001
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-1952-01-F
                    JUAN QUINTANILLA

                         vs.

            THE CITY OF LA VILLA, TEXAS ET AL
         Said Petition was filed in said court by MICHAEL PRUNEDA
         P.O. BOX T, PHARR, TEXAS 78577

         The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof
         The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs
         Issued and Given under my hand and seal of said Court, at
Hidalgo County this the November 16th, 2001.

                    Pauline G. Gonzalez, District Clerk
                    P.O. BOX 87/ 100 N. Closner
                    Edinburg, Hidalgo County, Texas
                 By: _____
                    TERESA VALDEZ, 332ND CLERK

Officer's Return

Came to hand on _26th_ of _November_, 2001 at _145_ o'Clock _PM_ .m. and executed in _Hidalgo_ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation, upon which I endorsed the date of delivery, to said def., together with the accompanying copy of the Pltf.'s Petition at the following times and places, to-wit:

_The City of La Villa - Jerry Mangum_

| Name | Date | Time | Place |
|------|------|------|-------|
| Jerry Mangum | 3/01 | 1035 AM | La Villa, Texas |

and not executed as to the defendant, _____
the diligence us in finding said defendant, being: _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of said defendant, being: _____ I actually and necessarily traveled_____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving....copy(s) $ _100_
      miles.............$_____

by _____ .

Civil Process - Tony Espinoza
P. O. Box 235

## VERIFICATION

Before me, the undersigned Notary Public, on this day in person appeared Tony Espinoza, on behalf of CIVIL PROCESS-TONY ESPINOZA, and being by me duly sworn on his oath, stated that he has read the above return; that he has no interest in said lawsuit; and that every statement is within his personal knowledge and true and correct.

CIVIL PROCESS-TONY ESPINOZA

BY: _____
TONY ESPINOZA

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS THE _3rd_ DAY OF _November_, 2001

_____
NOTARY PUBLIC/ STATE OF TEXAS

WILMA L. TEAL
Notary Public,
State of Texas My
Comm. Exp. 6-2-2004

# EXHIBIT A-4

Cause No. C-1952-01-F

| | | |
|---|---|---|
| JUAN QUINTANILLA | * | IN THE 332ND DISTRICT COURT |
| | * | |
| | * | JAN 14 2002 |
| VS | * | |
| | * | OF |
| THE CITY OF LA VILLA, TEXAS | * | |
| and employees, agents and all those | * | |
| acting in concert or at their discretion | * | HIDALGO COUNTY, TEXAS |

**FILED**

## Original Answer

**COMES NOW, THE CITY OF LA VILLA**, and files this his Original Answer in the above numbered and styled cause and would show this Honorable Court the following:

I.

The Defendant is a resident of Hidalgo County and the action and occurrences complained of by the Plaintiff occurred in substantial part in this County.

## II. General Denial

The Defendant herein files his general denial of all causes of action complained of in the Plaintiff's Original Petition.

## III. Specific Denial

The Defendant herein specifically denies the following allegations as set forth in the Plaintiff's Original Petition.

1)     Paragraph IV all allegations set therein.

## IV. Affirmative Defense

The Defendant herein asserts that the Plaintiff has failed to exhaust administrative remedies are required by law

## PRAYER

Original Answer                                               page 1 of 2

# EXHIBIT A-5

CAUSE NO. C-1952-01-F

| | | |
|---|---|---|
| JUAN QUINTANILLA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF LA VILLA, TEXAS, | § | HIDALGO COUNTY, TEXAS |
| and employees, agents and all those | § | |
| acting in concert or at their discretion | § | 332ND JUDICIAL DISTRICT |

## ORDER ALLOWING SUBSTITUTION OF COUNSEL

Came on to be considered *Defendant City of La Villa, Texas' Motion to Substitute Counsel* herein, and it is the opinion of the Court that this Motion be granted, it is therefore,

ORDERED, that J. Arnold Aguilar of the LAW OFFICE J. ARNOLD AGUILAR is hereby permitted to appear as attorney of record for Defendant City of La Villa, Texas in this cause, replacing Fabian Guerrero.

SIGNED on this 11TH day of ___MARCH___, 2002.

_____
JUDGE PRESIDING

**COPIES SENT TO:**
Michael Pruneda, P. O. Box T, Pharr, TX 78577
Fabian Guerrero, 502 West University Drive, Edinburg, TX 78539
J. Arnold Aguilar, 1200 Central Blvd., Suite H-2, Brownsville, TX 78520

# EXHIBIT A-6

FILED

AT 4:00 O'CLOCK A M

AUG 0 1 2002

CAUSE NO. C-1952-01-E

THE 332nd DISTRICT COURT
PAULINE G. GONZALEZ, District Clerk
Hidalgo County
By _____ Deputy

JUAN QUINTANILLA and CESAR SOLIS

VS.

THE CITY OF LA VILLA, TEXAS
and employees, agents and
all those acting in concert or at their
discretion

OF

HIDALGO COUNTY, TEXAS

## PLAINTIFFS' FIRST AMENDED—
## _ORIGINAL PETITION_

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, JUAN QUINTANILLA and CESAR SOLIS (hereinafter referred to by name or as Plaintiffs) complaining of THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion (hereinafter referred to by name or as Defendant) and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### DISCOVERY LEVEL

The cause of action should be governed in accordance with Discovery Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiff, JUAN QUINTANILLA, is a resident of Hidalgo County, Texas.

Plaintiff, CESAR SOLIS, is a resident of Hidalgo County, Texas.

Defendant, THE CITY OF LA VILLA, TEXAS, is a municipality in Hidalgo County, Texas that can be served by delivering process to its attorney of record in this case.

### III.
### FACTUAL ALLEGATIONS

Plaintiff Quintanilla served in the capacity of Police Lieutenant and acting Chief of Police for the city. Plaintiff was always a loyal, dedicated, and hard working employee. Plaintiff Cesar Solis worked with Defendant as a patrol officer.

At some time during Plaintiffs' employment, Plaintiffs had personal knowledge of criminal activities of certain local public officials. Plaintiffs reported these violations of law by public officials who were well-known in the proximate community. Immediately following these reports, Plaintiffs

were subjected to retaliation and other discriminatory acts. On February 5, 2001, Plaintiff Quintanilla was forced to stay quiet following the disbursement of a memo from city administrator Jaime Gutierrez. In this memo, Plaintiff Quintanilla was forced to refrain from discussing any information relating to the criminal activities with the news media.

Almost immediately, Plaintiff Quintanilla was subjected to constant pressure from city administrators and public officials. Plaintiff Quintanilla was told to destroy all the evidence that implicated the public officials. During this time, an "informant" was severely beat up due to the information that had been disclosed. Plaintiff Quintanilla was also ordered to terminate the employment of several of his fellow patrolmen due to their involvement in the investigation. One of these patrolmen was Plaintiff Cesar Solis. Plaintiff Quintanilla refused to terminate the employment of the officers involved in the investigations. Following Solis' involvement and reports of illegal activity, he was subjected to retaliation and other discriminatory acts.

Following a short leave of absence due to injury, on September 5, 2001, Plaintiff Quintanilla's employment with the City of La Villa was terminated. Plaintiff received a memo from city administrator Gutierrez informing Plaintiff of the city's decision. The reason given was *"due to the fact that the police department is full y staffed at the moment, as well as experiencing a serious cash shortfall. Thus we are unable to meet any additional payroll costs."* Plaintiff Solis was also subsequently fired following these reports and investigations.

Plaintiffs believe the true reason that they were retaliated against and ultimately fired was because of their reports of criminal activities by certain public officials, their involvement in these investigations, and refusal to participate in illegal activities. Plaintiffs sue the Defendant for a violation of their civil rights seeking to regain some measure of dignity and any and all appropriate relief to which entitled.

## IV.
## ADMINISTRATIVE PROCEDURES

Within the time specified under the applicable law from the time of the occurrences of the acts complained of, Plaintiffs filed their initial complaints and grievances with Defendant, alleging that the Defendant had committed an unlawful employment practice against the Plaintiffs in violation of their rights. Plaintiffs thereafter were notified that their complaints and grievances were thereafter denied. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## TEXAS WHISTLE BLOWER ACT

Plaintiffs assert a cause of action against the Defendant for retaliation in violation of Section 554.002 of the Texas Government Code (Whistleblower Act) that reads as follows:

(a)     A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

The illegal retaliation and termination of Plaintiffs were in retaliation for the good faith reporting of violations of the law by public employees to an appropriate law enforcement authority.

## VI.
## CONSTITUTIONAL CAUSE OF ACTION—
### *FREE SPEECH, FREEDOM OF ASSOCIATION*

Plaintiffs allege that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful and discriminatory procedures made with a deliberate indifference which resulted in the denial of the Plaintiffs' civil rights subjecting such procedures to scrutiny under, and in violation of, *Article I, section 8* of the Constitution of the State of Texas guaranteeing all individuals of this state the freedom of speech. Plaintiffs allege that the acts of infringement were customary and made by those with policy-making authority.

## VIII.
## CONSTITUTIONAL CAUSE OF ACTION—
### *LIBERTY INTEREST/DUE PROCESS*

Plaintiffs allege that the Defendant's actions as alleged establish an arbitrary, capricious, unreasonable, unlawful and discriminatory procedures made with a deliberate indifference which resulted in the denial of the Plaintiffs' civil rights subjecting such procedures to scrutiny under, and in violation of, *Article I, section 13 and 19* of the Constitution of the State of Texas guaranteeing all individuals of this state the right to due process. Plaintiffs allege that the acts of infringement were customary and made by those with policy-making authority.

## IX.
## EXCLUSION OF FEDERAL CLAIMS

Plaintiffs hereby give notice to all that they only alleges state claims in this suit and specifically excludes, and does not intend to litigate herein, any federal cause of action. The only causes of action that he intends to litigate in this Court are those concerning rights arising under the laws of the Sovereign State of Texas.

## X.
## JURY TRIAL REQUEST

Plaintiffs request that a jury be convened in order that issues the basis of this lawsuit be tried.

## XI.
## ACTUAL DAMAGES

As a result of the incidents described above that is made the basis of this suit, Plaintiffs have suffered mental pain and anguish. In all reasonable probability, Plaintiffs will continue to suffer such mental pain and anguish for a long time into the future, if not for the balance of their natural life. Plaintiffs have further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earnings will continue long into the future. Plaintiffs also seek all appropriate relief to which they may be appropriately entitled and the court deems proper.

## XII.
## INJUNCTIVE RELIEF

The continuing nature of the denial of Plaintiffs' fundamental rights, which arbitrarily and irrationally has been denied and will deny to Plaintiffs rights and entitlements under the laws described above, is resulting in immediate and irreparable harm to the Plaintiffs.  Plaintiffs are therefore entitled to temporary and permanent injunctive orders restraining Defendant from taking any adverse actions that would interfere with Plaintiffs employment, now and in the future, or cause Plaintiffs to suffer any negative or other adverse treatment.

## XIII.
## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiffs are entitled to recover attorney fees in a sum that is reasonable and necessary under Texas Government Code Section 554.003.  In this connection, Plaintiff will show that he has employed attorneys to assist him in the prosecution of this action.  Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.   If ultimately successful in this case, Plaintiff fully expects that the defendant will appeal this case.  Plaintiff seeks attorney's fees to compensate the plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.   Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and/or law clerks that assisted in the prosecution of the case.  As permitted, Plaintiff also seek to re-coup all litigation expenses expended in the prosecution of this lawsuit.

## XIV.
## DISCOVERY REQUESTS

Attached to the Original Petition, Plaintiff Quintanilla propounded to the Defendant:

1.  Plaintiff's Request for Disclosure to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion;

2.  Plaintiff's First Set of Interrogatories to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion; and

3.  Plaintiff's First Request for Production to Defendant THE CITY OF LA VILLA, TEXAS, and employees, agents and all those acting in concert or at their discretion.

Attached herein, Plaintiff Solis propounds to the Defendant the following:

4.  Plaintiff's Request for Disclosure to Defendant;

5.  Plaintiff's First Set of Interrogatories to Defendant; and

6.  Plaintiff's First Request for Production to Defendant.

These discovery requests should be answered accordingly and in compliance with the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant the following:

a). Judgment against Defendant, for an amount compensating Plaintiffs for their damages and injuries, along with any other damages awarded in an amount in excess of the minimum jurisdictional limits of this court with a maximum of ten million dollars ($10,000,000.00), such to be awarded by the jury;

b). Entering a permanent injunction, declaratory judgment, restraining and enjoining the Defendant, its officers, agents, employees, attorneys, and successors in office, and all other persons in active concert and participation with them or acting at their discretion, from retaliating against the Plaintiffs or otherwise violating their rights and that of others similarly situated;

c). Prejudgment interest as allowed by law;

d). Attorney and litigation fees and expenses for both trial and appeal;

e). Interest on said judgment at the legal rate from date of judgment;

f). For costs of suit herein;

g). Such other appropriate relief to which Plaintiffs may be justly entitled and the court deems proper.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
Tel: (956) 702-9675
Fax: (956) 702-9659

By: _____
MICHAEL PRUNEDA
State Bar No. 24025601

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the **31** day of **July**, 2002:

J. Arnold Aguilar
1200 Central Blvd.
Suite H-2
Brownsville, Texas 78520

Michael Pruneda

# EXHIBIT A-7

DISTRICT COURT, HIDALGO COUNTY, TEXAS 332ND   JUDICIAL DISTRICT OF
TEXAS

---

CITATION                                             **FILED**
                                                  AT 2:25 O'CLOCK  P. M.

JUAN QUINTANILLA and CESAR SOLIS
                                                    AUG 08 2002
vs.
                                          PAULINE G. GONZALEZ, CLERK
THE CITY OF LA VILLA, ET AL               District Hidalgo County
                                          By_____ Deputy

---

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
If you or your attorney do not file a written answer with the clerk
who issued this citation the Monday next following the expiration of
twenty (20) days after you were served with this citation and petition
a default judgment may be taken against you.
   To: THE CITY OF LA VILLA
       SERVING THE MAYOR: ~~DAVID ALANIZ~~
       916 S. MIKE CHAPA  Carlos Perez
       LA VILLA, TEXAS 78562

       You are hereby commanded to appear by filing a written
answer to the PLAINTIFF'S FIRST AMENDED ORIGINAL PETITIN  on or before 10:00 o'c
a.m. on the Monday next after the expiration of twenty (20) days
after the date of service hereof, before the Honorable 332ND
Judicial District Court of Hidalgo County, Texas
at the Courthouse 100 North Closner, Edinburg, Texas,
78539. Said Petition was filed on the 1ST  day of AUGUST , 2002
and a copy of same accompanies this citation.
The file number and style of said suit being No. C-1952-01-F
            JUAN QUINTANILLA and CESAR SOLIS

                          vs.

            THE CITY OF LA VILLA, ET AL
       Said Petition was filed in said court by MICHAEL PRUNEDA
       944 W. NOLANA LOOP, STE. B, PHARR, TX 78577

       The nature of the demand is fully shown by a true and correct
copy of the petition accompanying this citation and made a part hereof
       The officer executing this writ shall promptly serve the same
according to requirements of law, and the mandates thereof, and make
due return as the law directs
       Issued and Given under my hand and seal of said Court, at
Hidalgo County this the 6th day of August, 2002.


                   Pauline G. Gonzalez, District Clerk
                   P.O. BOX 87/ 100 N. Closner
                   Edinburg, Hidalgo County, Texas
             By: Teresa Valdez
                   TERESA VALDEZ, 332ND CLERK

Officer's Return

Came to hand on _2_ of _August_ , 2002 at _11:10_ o'Clock _A_ .m. and
executed in _____ County, Texas by delivering to each of the within
named defendants in person, a true copy of this citation, upon which I
endorsed the date of delivery, to said def., together with the
accompanying copy of the Pltf.'s Petition at the following times and
places, to-wit:
-----------------------------------------------------------------
Name _Mabel Guerra_ |Date _8-8-02_ |Time _1.45 P/m_ |Place _City Hall_ ___
-----------------------------------------------------------------
and not executed as to the defendant, _____
the diligence us in finding said defendant, being: _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of said defendant,
being: _____ I actually and necessarily
traveled _____ miles in the service of this citation, in addition to
any other mileage I may have traveled in the service of other process
in the same case during the same trip.

ENRIQUE ESCALON, Sheriff

Fees: serving....copy(s) $ _____
      miles.............$ _____          by _____ .

# EXHIBIT A-8

CAUSE NO. C-1952-01-F

| | | |
|---|---|---|
| JUAN QUINTANILLA and | § | IN THE DISTRICT COURT OF |
| | § | AUG 3 0 2002 |
| CESAR SOLIS, Intervenor | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| THE CITY OF LA VILLA, TEXAS, | § | |
| and employees, agents and all those | § | |
| acting in concert or at their discretion | § | 332ND JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER IN RESPONSE TO INTERVENOR CESAR SOLIS' ORIGINAL PETITION IN INTERVENTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CITY OF LA VILLA, TEXAS**, Defendant herein, and files this its First Amended Original Answer to Intervenor Cesar Solis's Original Petition in Intervention, incorrectly designated Plaintiffs First Amended Original Petition, and for such Original Answer would respectfully show unto the Court the following:

### I.

### SPECIAL EXCEPTIONS

(A)     Defendant specially excepts to the entirety of Plaintiff Cesar Solis' Petition because it is incorrectly designated as Plaintiffs' First Amended Original Petition in that Plaintiff is intervening in the lawsuit originally filed by Juan Quintanilla.  Plaintiff Cesar Solis' pleading should be filed separately and designated Cesar Solis' Original Petition in Intervention.

(B)     Defendant specially excepts of Intervenor's pleading because Intervenor Cesar Solis fails to allege that he has a justiciable interest in the lawsuit filed by Juan Quintanilla and fails to allege, or identify how, his claims arise from the same transaction or occurrence and have common questions of law or fact with the original claim filed by Juan Quintanilla, as required by Texas Rule of Civil Procedure 40.

(C)     Defendant specially excepts to the entirety of Intervenor's Petition on the basis that Intervenor has failed to allege or establish any basis for liability against Defendant City of La Villa, Texas, notwithstanding its entitlement to sovereign immunity for all claims raised herein.

(D)     Defendant specially excepts to Paragraphs VI and VII of Intervenor's Petition, wherein Intervenor alleges violations of Article I, Sections 8, 13, and 19 of the Texas Constitution, on the basis that Intervenor has failed to identify how he may maintain an action for damages arising from an alleged constitutional deprivation, notwithstanding the restrictions of *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), which provides that there is no implied private right of action for damages arising under the Texas Constitution.

(E)     Defendant specially excepts to Paragraph XII and section (b) of the Prayer in Intervenor Cesar Solis' Petition, wherein Intervenor seeks injunctive and declaratory relief, on the basis that he has failed to identify what injunctive or declaratory relief it is that he seeks, any legal authority to seek such relief, or any basis on which he would be entitled to the recovery of such relief.

(F)     Defendant specially excepts to Intervenor Cesar Solis' Prayer and the entirety of Intervenor Cesar Solis' Petition on the basis that Intervenor has failed to identify or specify the damages sought for each category of damages alleged, or the total amount of damages sought, pursuant to Texas Rules of Civil Procedure 47 and 91.

Defendant **CITY OF LA VILLA, TEXAS**, requests that upon notice and hearing, that this Court grant the above Special Exceptions and order Intervenor to replead in conformity with the Special Exceptions listed herein, and if Intervenor is unable to so replead, that this Court dismiss each of such claims or causes of action against Defendant City of La Villa, Texas, on which Intervenor is unable to replead.

## II.

## GENERAL DENIAL

Defendant **CITY OF LA VILLA, TEXAS**, denies each and every, all and singular, the allegations contained in Intervenor Cesar Solis' First Amended Original Petition and demands strict proof thereof at the trial of this cause.

## III.

## AFFIRMATIVE DEFENSES

The Defendant, **CITY OF LA VILLA, TEXAS**, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need be, further alleges by way of affirmative defenses the following:

(1)     Intervenor cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, because of the doctrine of sovereign immunity;

(2)     Intervenor cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, because the Texas Tort Claims Act does not allow Intervenor's claims, and thus, Defendant's sovereign immunity has not been waived;

(3)     In the alternative, if it is determined that the Texas Tort Claims Act does apply to Intervenor's claims, Defendant **CITY OF LA VILLA, TEXAS** hereby invokes the statutory limit on damages contained in the act;

(4)     Intervenor cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, for any alleged violations of the Texas Constitution, on the basis that such claims are barred, as set out in *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995);

(5)     Any loss or damages sustained by Intervenor at the time and place, and on the occasion, described in Intervenor's First Amended Original Petition, were caused in whole or in part, or contributed to, by the negligence of Intervenor Cesar Solis, and not by any negligence or fault or want of care on the part of Defendant, and Defendant invokes the doctrine of comparative responsibility; and,

(6)     In the alternative, Defendant **CITY OF LA VILLA, TEXAS**, would show that the Intervenor's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault, or want of care of parties, persons, or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not under the law responsible.

(7)     The Defendant herein asserts that Intervenor has failed to exhaust his administrative remedies, as required by law.

(8)     The Defendant herein asserts that Intervenor Cesar Solis failed to mitigate his damages by failing to exercise reasonable diligence in seeking other employment.

Without waiving the foregoing special exceptions, general denial and affirmative defenses, but still insisting on same, for further answer, if any need be necessary, and as separate defenses, Defendant **CITY OF LA VILLA, TEXAS** reserves the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, and discovery as it may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant **CITY OF LA VILLA, TEXAS** prays that upon final trial and hearing hereof that it have judgment on its behalf, together with costs, and that Intervenor go hence without day, and that Defendant have such other and further relief, both special and general, at law and in equity, to which it may show itself to be justly entitled.

Signed on this the 30th day of August, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone　　: (956) 504-1100
Facsimile　　 : (956) 504-1408

By: _____
　　　　　J. Arnold Aguilar
　　　　　State Bar No. 00936270

　　　　　John J. Jordan, Jr.
　　　　　State Bar No. 00796852

　　　　　Attorneys for Defendant,
　　　　　CITY OF LA VILLA, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S FIRST AMENDED ANSWER** has on this the 30th day of August, 2002, been forwarded via certified mail, return receipt requested to:

> Mr. Michael Pruneda
> THE PRUNEDA LAW FIRM
> P. O. Box T
> Pharr, TX 78577

_____
John J. Jordan, Jr.

# EXHIBIT A-9

CAUSE NO. C-1952-01-F

AUG 30 2002

| | | |
|---|---|---|
| JUAN QUINTANILLA and | § | IN THE DISTRICT COURT OF |
| | § | |
| CESAR SOLIS, Plaintiff/Intervenor | § | |
| | § | |
| · VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| THE CITY OF LA VILLA, TEXAS, | § | |
| and employees, agents and all those | § | |
| acting in concert or at their discretion | § | 332ND JUDICIAL DISTRICT |

## DEFENDANT'S FIRST AMENDED ANSWER IN RESPONSE TO PLAINTIFF JUAN QUINTANILLA'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CITY OF LA VILLA, TEXAS**, Defendant herein, and files this its First Amended Original Answer to Plaintiff Juan Quintanilla's First Amended Original Petition, and for such First Amended Original Answer would respectfully show unto the Court the following:

## I.

### SPECIAL EXCEPTIONS

(A)     Defendant specially excepts to the entirety of Plaintiff's First Amended Original Petition on the basis that Plaintiff has failed to allege or establish any basis for liability against Defendant City of La Villa, Texas, notwithstanding its entitlement to sovereign immunity for all claims raised herein.

(B)     Defendant specially excepts to Paragraphs VI and VII of Plaintiff's First Amended Original Petition, wherein Plaintiff alleges violations of Article I, Sections 8, 13, and 19 of the Texas Constitution, on the basis that Plaintiff has failed to identify how he may maintain an action for damages arising from an alleged constitutional deprivation, notwithstanding the restrictions of *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), which provides that there is no implied private right of action for damages arising under the Texas Constitution.

(C)     Defendant specially excepts to Paragraph XII and section (b) of the Prayer in Plaintiff's Juan Quintanilla's First Amended Original Petition, wherein Plaintiff seeks injunctive and declaratory relief, on the basis that he has failed to identify what injunctive or declaratory relief it is that he seeks, any legal authority to seek such relief, or any basis on which he would be entitled to the recovery of such relief.

(D)     Defendant specially excepts to Plaintiff Juan Quintanilla's Prayer and the entirety of Plaintiff Juan Quintanilla's First Amended Original Petition on the basis that Plaintiff has failed to identify or specify the damages sought for each category of damages alleged, or the total amount of damages sought, pursuant to Texas Rules of Civil Procedure 47 and 91.

Defendant **CITY OF LA VILLA, TEXAS**, requests that upon notice and hearing, that this Court grant the above Special Exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed herein, and if Plaintiff is unable to so replead, that this Court dismiss each of such claims or causes of action against Defendant City of La Villa, Texas, on which Plaintiff is unable to replead.

## II.

## GENERAL DENIAL

Defendant **CITY OF LA VILLA, TEXAS**, denies each and every, all and singular, the allegations contained in Plaintiff Juan Quintanilla's First Amended Original Petition and demands strict proof thereof at the trial of this cause.

## III.

## AFFIRMATIVE DEFENSES

The Defendant, **CITY OF LA VILLA, TEXAS**, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need be, further alleges by way of affirmative defenses the following:

(1)    Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, because of the doctrine of sovereign immunity;

(2)    Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, because the Texas Tort Claims Act does not allow Plaintiff's claims, and thus, Defendant's sovereign immunity has not been waived;

(3)    In the alternative, if it is determined that the Texas Tort Claims Act does apply to Plaintiff's claims, Defendant **CITY OF LA VILLA, TEXAS** hereby invokes the statutory limit on damages contained in the act;

(4)    Plaintiff cannot recover, directly or indirectly, from Defendant **CITY OF LA VILLA, TEXAS**, for any alleged violations of the Texas Constitution, on the basis that such claims are barred, as set out in ***City of Beaumont v. Bouillion***, 896 S.W.2d 143 (Tex. 1995);

(5)    Any loss or damages sustained by Plaintiff at the time and place, and on the occasion, described in Plaintiff's First Amended Original Petition, were caused in whole or in part, or contributed to, by the negligence of Plaintiff Juan Quintanilla, and not by any negligence or fault or want of care on the part of Defendant, and Defendant invokes the doctrine of comparative responsibility; and,

(6)     In the alternative, Defendant **CITY OF LA VILLA, TEXAS**, would show that the Plaintiff's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault, or want of care of parties, persons, or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not under the law responsible.

(7)     The Defendant herein asserts that Plaintiff has failed to exhaust administrative remedies that is required by law.

(8)     The Defendant herein asserts that Plaintiff Juan Quintanilla failed to mitigate his damages by failing to exercise reasonable diligence in seeking other employment.

(9)     The Defendant herein asserts that the City of La Villa laid off Plaintiff Juan Quintanilla due to budgetary constraints and based its decision solely on information, observation, or evidenc that is not related to the fact that Juan Quintanilla made any alleged report of a alleged violation of law. *See* Tex. Gov't Code § 554.004(b); ***Texas Dep't of Human Servs. v. Hinds***, 904 S.W.2d 629, 637 (Tex. 1995).

Without waiving the foregoing special exceptions, general denial and affirmative defenses, but still insisting on same, for further answer, if any need be necessary, and as separate defenses, Defendant **CITY OF LA VILLA, TEXAS** reserves the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, and discovery as it may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant **CITY OF LA VILLA, TEXAS** prays that upon final trial and hearing hereof that it have judgment on its behalf, together with costs, and that Plaintiff go hence without day, and that Defendant have such other and further relief, both special and general, at law and in equity, to which it may show itself to be justly entitled.

V:\SC\ANSWERS\267-01.Amended Answer                                                      PAGE 4

Signed on this the 30th day of August, 2002.

Respectfully submitted,

**LAW OFFICE
J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone     : (956) 504-1100
Facsimile     : (956) 504-1408

By: _____
              J. Arnold Aguilar
              State Bar No. 00936270

              John J. Jordan, Jr.
              State Bar No. 00796852

              Attorneys for Defendant,
              CITY OF LA VILLA, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANT'S FIRST AMENDED ANSWER** has on this the 30th day of August, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Michael Pruneda
THE PRUNEDA LAW FIRM
P. O. Box T
Pharr, TX 78577

_____
John J. Jordan, Jr.

# EXHIBIT A-10

CAUSE NO. C-1952-01-F

| | | |
|---|---|---|
| JUAN QUINTANILLA and CESAR SOLIS | ◆ | THE 332nd DISTRICT COURT |
| | ◆ | |
| | ◆ | |
| VS. | ◆ | |
| | ◆ | |
| | ◆ | OF |
| THE CITY OF LA VILLA, TEXAS | ◆ | |
| and employees, agents and | ◆ | |
| all those acting in concert or at their | ◆ | |
| discretion | ◆ | HIDALGO COUNTY, TEXAS |

**PLAINTIFFS RESPONSE AND SUPPLEMENTAL RESPONSE TO DEFENDANT'S
REQUEST FOR DISCLOSURES**

TO:     Defendants by and through their attorneys of record:

J. Arnold Aguilar
1200 Central Blvd.
Suite H-2
Brownsville, Texas 78520

COMES NOW, Plaintiff JUAN QUINTANILLA and CESAR SOLIS, responding to

Defendant's requests pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

THE PRUNEDA LAW FIRM, P.L.L.C.

P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

By:     _____
        *MICHAEL PRUNEDA*
        State Bar No.  24025601

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel of record as noted below:

Signed on this the 24 day of September, 2002:

J. Arnold Aguilar
1200 Central Blvd.
Suite H-2
Brownsville, Texas 78520

Michael Pruneda

## RULE 194.2

(a)     Correct Party Names

RESPONSE:

Juan Quintanilla

Cesar Solis

City of La Villa

(b)     Potential Parties

RESPONSE:

None at this time.

(c)     Contentions

RESPONSE:

The facts support the following causes of action by Plaintiffs against the Defendant for violations of the laws and Constitutions of the United States and Texas, including but not limited to Chapter 554 of the Texas Government Code.

Plaintiffs are not required to marshal all evidence that may be offered at trial or to brief legal issues.  T.R.C.P. 194.2(c)

(d)     Damages

RESPONSE:

Plaintiffs seek all compensatory damages and other appropriate relief to which they may be entitled and the court deems proper.  As damages are ongoing, a total cannot be provided.

(e)     Fact Witnesses

RESPONSE:

Juan Quintanilla
505 W. Francis
San Juan, Texas 78589
782-0527

Plaintiff can establish the facts made the basis of the claims in this civil action.

Cesar Solis
2008 Data Palm
McAllen, Texas 78501
682-1986

Plaintiff can establish the facts made the basis of the claims in this civil action.

Sam Perez
P.O. Box 4181
McAllen, Texas 78502
792-9358

Employee or former employee who may have knowledge as to Plaintiff, Defendant, work
environment, personnel, human resources, company custom, employee records and files, policies,
procedures, and regulations, investigations and complaints, and employees, agents, and all those
acting in concert or at their discretion.

Juan Sotelo
416 E. Dicker
Pharr, Texas 78577
702-4382

Employee or former employee who may have knowledge as to Plaintiff, Defendant, work
environment, personnel, human resources, company custom, employee records and files, policies,
procedures, and regulations, investigations and complaints, and employees, agents, and all those
acting in concert or at their discretion.

City of La Villa
Representatives of:
payroll, employee records and files,
policies, procedures, and regulations,
investigations and complaints, workers'
compensation, personnel
La Villa, Texas

who may have knowledge as to Plaintiff, Defendant, work environment, personnel, human
resources, company custom, employee records and files, policies, procedures, and regulations,
investigations and complaints, and employees, agents, and all those acting in concert or at their
discretion.

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C
P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

The attorney will testify as to the attorney's fees for both trial and appeal.

Plaintiff further incorporates by reference all witness statements in the possession of defendants and its counsel, depositions, pleadings, affidavits, verifications, and audio/ video tapes, if any, that are in existence.

(f)      Expert Information

RESPONSE:

Michael Pruneda
THE PRUNEDA LAW FIRM, P.L.L.C
P.O. Box T
Pharr, Texas 78577
(956) 702-9675
(956) 702-9659 Fax

The attorney will testify as to the attorney's fees for both trial and appeal.

(g)      Discoverable Indemnity and Insuring Agreements

RESPONSE:

None.

(h)      Discoverable Settlement Agreements

RESPONSE:

None.

(i)      Discoverable Witness Statements

RESPONSE:

Plaintiffs incorporate their personnel file with Defendant and all grievances, statements, and other docuemtnation.

(j)      In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, as an alternative, an authorization permitting the disclosure of such medical records and bills

RESPONSE:

None.

(k)      In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that were obtained by the responding party by virtue of an authorization furnished by the requesting party

RESPONSE:

None.

# EXHIBIT A-11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| JUAN QUINTANILLA, Plaintiff | § | |
| | § | |
| And CESAR SOLIS, Intervenor | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | _____ |
| THE CITY OF LA VILLA, TEXAS, | § | |
| and employees, agents and all those | § | |
| acting in concert or at their discretion | § | |

---

## AFFIDAVIT OF JOHN J. JORDAN, JR.

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned official, on this day appeared **JOHN J. JORDAN, JR.,** who is personally known to me, and first being duly sworn according to law upon his oath deposes and says:

"My name is John J. Jordan, Jr., I am over 18 years of age, I have never been convicted of a crime, and I am fully competent to make this affidavit.

I am one of the attorneys for the City of La Villa in Cause No. C-1952-01-F, pending in the 332nd District Court of Hidalgo County, Texas, styled Juan Quintanilla and Cesar Solis v. The City of La Villa, Texas.

The following documents are attached as Exhibits to the Notice of Removal:

1. Exhibit "A-1" - Certified copy of the Docket Sheet

2. Exhibit "A-2" - Plaintiff's Original Petition

3. Exhibit "A-3" - Citation to City of La Villa

4.      Exhibit "A-4" - Defendant's Original Answer

5.      Exhibit "A-5" - Order Allowing Substitution of Counsel

6.      Exhibit "A-6" - Plaintiff's First Amended Original Petition (Intervenor Cesar Solis' Original Petition in Intervention)

7.      Exhibit "A-7" - Citation to City of La Villa

8.      Exhibit "A-8" - Defendant's Original Answer in Response to Intervenor Cesar Solis' Original Petition in Intervention

9.      Exhibit "A-9" - Defendant's First Amended Answer in Response to Plaintiff Juan Quintanilla's First Amended Original Petition

10.     Exhibit "A-10" - Plaintiff's Response and Supplemental Response to Defendant's Request for Disclosures

Each of the copies attached are true and correct copies of the original documents identified.

Further affiant sayeth naught."


                                                    _____
                                                         John J. Jordan, Jr.



SUBSCRIBED AND SWORN TO BEFORE ME on the 23rd day of October, 2002, to certify which witness my hand and official seal.

                                                    _____
                                                    Notary Public, State of Texas

                                                    My Commission Expires:

                                                    7-26-05
                                                    _____

Affidavit of John J. Jordan, Jr.                                        Page 2 of 2